# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Reginald Evans

October 21, 1994

Case No. 94/2658F08

BY JUDGE CHARLES E. POSTON

I have read the briefs filed in support of and in response to the Defendant's motions. Further, I have read the cases cited and other authorities as well. The Court is of the opinion that oral argument is not necessary.

This matter was considered by the Court upon the Defendant's motion to bar his trial for capital murder (Virginia Code § 18.2-31) and to reduce that charge to murder (Virginia Code § 18.2-32). While the motion does not specifically seek alternative relief, the Court considers the motion to address two separate issues:

1. Whether the Defendant can be tried and sentenced for capital murder (Virginia Code § 18.2-31).

2. Whether the Defendant can be sentenced to death if tried and convicted for capital murder (Virginia Code § 18.2-31).

For the following reasons, the Court concludes that the Defendant can be tried and sentenced for capital murder (Virginia Code § 18.2-31) but that he cannot be sentenced to death.

*Facts*

The Defendant, born May 13, 1978, was fifteen years old at the time the alleged offense was committed. According to the Commonwealth's statement of the facts, the Defendant and another entered a cab with the intent to rob the driver. The driver was shot five times when he did not surrender money as demanded. The Defendant allegedly shot him in the right arm, the right foot,

and three times in the upper portion of his back. Then the other assailant allegedly tried to go through the driver's pockets. The Defendant, after having been advised of his rights, gave a full confession.

Certainly if the facts as alleged by the Commonwealth were proved, a capital murder conviction would be justified. However, the Defendant's motion does not address the circumstances of the offense. He asserts that because of his age at the time of the offense, he cannot be subjected to a charge of capital murder or, if convicted of capital murder, be sentenced to death.

## Proceedings to Date

The offense allegedly occurred on April 26, 1994. Appropriate petitions were filed in the Norfolk Juvenile and Domestic Relations District Court, and the Commonwealth notified the Court and the Defendant of its intention to seek a transfer to the Norfolk Circuit Court pursuant to Virginia Code § 16.1-269. A transfer hearing on the capital murder charge and related charges was held in the Norfolk Juvenile and Domestic Relations District Court on June 23, 1994, and the case was transferred to the Norfolk Circuit Court. The Defendant noted his appeal of the transfer decision, and on August 31, 1994, the Norfolk Circuit Court upheld that decision and notified the Commonwealth's Attorney that he could seek indictments against the Defendant. The Grand Jury subsequently returned several indictments, including one for capital murder (Virginia Code § 18.2-31). Thereupon, the Defendant filed the motion at bar.

## Law

The dispositive case on these questions is *Thompson v. Oklahoma*, 487 U.S. 815, 101 L. Ed. 2d 702 (1988). There, a 15-year old boy who had participated in a brutal murder was charged with first degree murder. The prosecutor then sought an order certifying him to be tried as an adult under the applicable statute. Oklahoma Stat., Tit. 10, § 1101(1) (Supp. 1987). The boy was certified by the appropriate court, tried as an adult, and sentenced to death. The United States Supreme Court vacated and remanded for resentencing, holding that the boy could not be sentenced to death.

A plurality opinion in which four justices joined held that the Eighth Amendment's prohibition of cruel and unusual punishment prohibits the execution of a person who was under the age of sixteen at the time of the offense. Citing *Trop v. Dulles*, 356 U.S. 86 (1958), the plurality was guided

by "evolving standards of decency that mark the progress of a maturing society." *Id.* at 101. The opinion then stated:

> In short, we are not persuaded that the imposition of the death penalty for offenses committed by persons under 16 years of age has made, or can be expected to make, any measurable contribution to the goals that capital punishment is intended to achieve. It is, therefore, "nothing more than the purposeless and needless imposition of pain and suffering and thus an unconstitutional punishment."

*Thompson v. Oklahoma*, 487 U.S. at 838. This conclusion, based on the Eighth Amendment, was reached after the plurality found the existence of a national consensus forbidding the execution of any person for a crime committed before his sixteenth birthday. Thus four of the justices would hold absolutely that the Eighth Amendment bars the execution of a person for a crime committed before his sixteenth birthday.

In her concurring opinion, Justice O'Connor agreed that the defendant could not suffer the death penalty, but she based her decision on narrower grounds. It is, then, necessary, to examine the case at bar in light of her opinion.[1]

While expressing the view that a national consensus forbidding the execution of any person for a crime committed before his sixteenth birthday "very likely does exist," she would not make this finding as a matter of law. *Id.* at 849. Recognizing that constitutional scrutiny of death sentences has been more intense than in noncapital sentences, Justice O'Connor concluded that a death statute must be accompanied with evidence that the legislature carefully considered whether a 15 year old defendant should be "death eligible." *Id.* at 857. She then concluded:

> I am prepared to conclude that petitioner and others who were below the age of 16 at the time of their offense may not be executed under the authority of a capital punishment statute that specifies no minimum age at which the commission of a capital crime can lead to the offender's execution.

*Id.* at 857, 858.

---

[1] With regard to the interpretation of a plurality opinion, the Supreme Court has stated that "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Gregg* v. *Georgia*, 428 U.S. 153, 169, n. 15 (1976).

Virginia Code § 18.2-31 does not specify a minimum age at which the commission of a capital crime can lead to the offender's execution, nor does the juvenile transfer statute, Virginia Code § 16.2-269. Indeed, in 1994 the General Assembly enacted a major revision of the transfer statute[2] which does not address the age at which a person, who is under the age of 16 at the time the offense was committed, can be executed.

The Commonwealth, relying on *Stanford* v. *Kentucky*, 492 U.S. 361 (1989), the fact that *Thompson* is a plurality opinion, and the fact that three of the justices in that plurality are no longer on the Supreme Court, urges the Court to ignore the holding in *Thompson* and, instead, to follow the logic in *Stanford*, which leaves the age decision to the states. There are inescapable obstacles to following the Commonwealth's suggestion.

First, *Stanford* did not involve a defendant whose crime had been committed before the age of sixteen. In fact, the issue in *Stanford* was "whether the Eighth Amendment precludes the death penalty for individuals who commit crimes at 16 or 17 years of age." 492 U.S. at 368. Indeed, *Thompson* specifically rejected the opportunity to prohibit the execution of any person for a crime committed before the age of eighteen. 487 U.S. at 838.

Secondly, while there was no majority opinion in *Thompson*, it is clear that the Supreme Court of the United States held that the Eighth Amendment bars the execution of any person for a crime committed before the age of sixteen unless the capital punishment statute specifies a minimum age at which a person can be sentenced to death. Although four justices would bar such sentences absolutely, Justice O'Connor strictly limited the basis for her concurring in the judgment.

Finally, this Court would be in grave error to reject the holding of the United States Supreme Court absent a clear indication that it would overrule the *Thompson* decision. I am not prepared to conclude that the Supreme Court would overrule *Thompson*.

The Defendant also asserts that, by virtue of his age at the time of the offense, he cannot even be convicted of capital murder. No authority is cited for this position. *Thompson* addresses only the penalty, not the charge. Thus, there is no prohibition against the Defendant's being tried for capital murder.

The Commonwealth cites *Thomas* v. *Commonwealth*, 244 Va. 1 (1992), for the proposition that a juvenile should be sentenced by a jury after having been convicted for capital murder. This case involved a defendant who was seventeen at the time of the commission of the offense and is, therefore, inapplicable to the issues raised by the Defendant's motions.

---

[2] Va. Code § 16.1-269.1.

*Conclusion*

The Court therefore concludes that the Defendant may be tried upon a charge of violating Virginia Code § 18.2-31 but that he may not be subjected to the death penalty. (At least three state supreme courts considering similar issues have reached conclusions consistent with this opinion. *See Flowers* v. *State*, 586 So. 2d 978 (Al. 1991); *Cooper* v. *Indiana*, 540 N.E.2d 1216 (In. 1989); *Louisiana* v. *Stone*, 535 So. 2d 362 (La. 1988).)